RUCKER,
Justice concurring in result.
I concur in the result reached by the majority. I write separately to emphasize the significance of the Union seeking “a general declaration that the Indiana Right to Work Law is unconstitutional on its face....” Op. at 751. As the majority points out, “[wjhen a party claims that a statute is unconstitutional on its face, the claimant assumes the burden of demonstrating that there are no set of circumstances under which the statute can be constitutionally applied.” Id. (emphasis added) (quoting Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind.1999)).
This case was decided on the strength of the Union’s complaint alone. No testimony or documents were introduced into evidence. More precisely the Union filed its complaint seeking declaratory and injunc-tive relief alleging that the “Right to Work Law” violated various provisions of the Indiana Constitution. Without responding to the merits of the complaint by way of answer, the State moved to dismiss the complaint under the provision of Indiana Trial Rule 12(B)(6) for “[fjailure to state a claim upon which relief can be granted.” A motion under this rule “tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief.” Trail v. Boys and Girls Clubs of Nw. Ind., 845 N.E.2d 130, 134 (Ind.2006). By denying the State’s motion to dismiss that portion of the Union’s complaint alleging the Right to Work Law violated Article 1, Section 21 of the Indiana Constitution the trial court necessarily concluded that on the face of the complaint, the Union may be entitled to relief. See King v. S.B., 837 N.E.2d 965, 966 (Ind.2005) (noting that in ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in its favor). Hence, the denial of the State’s motion at this juncture was unproblematic. But, a declaration that the statute is unconstitutional required additional factual development and legal argument. The parties nevertheless proceeded on appeal by arguing the merits of the constitutionality question on the present record.
The Right to Work statute provides that the terms of union contracts in effect on March 14, 2012 remain valid. See Ind. Code § 22-6-6-13. On this ground, under the procedural circumstances here, the Union’s facial constitutional challenge must fail. This is because there exists at least one “circumstance[ ] under which the statute can be constitutionally applied.” Baldwin, 715 N.E.2d at 337; see also Citizens Nat’l Bank of Evansville v. Foster, 668 N.E.2d 1236, 1242 (Ind.1996) (noting that a facial challenge “demands a sweeping pronouncement of the statute[’s] constitutionality regardless of the factual setting”).
What is not at stake in this case is an “as applied” constitutional challenge to the statute. Unlike the heavy burden placed on a party seeking to challenge a statute on its face, an “as-applied” constitutional challenge asks “only that the reviewing court declare the challenged statute or regulation unconstitutional on the facts of the particular case.” Dowdell v. City of Jeffersonville, 907 N.E.2d 559, 564 (Ind.Ct.App.2009) (emphasis added), trans. denied (quoting Sanjour v. E.P.A., 56 F.3d 85, 92, n. 10 (D.C.Cir.1995)). And here the Union *755 has not attempted to demonstrate that under the particular circumstances presented in this case it has been deprived of compensation by operation of the Right to Work Law.
The National Labor Relations Act and subsequent federal legislation permit employees to unionize and provide a mechanism for a particular union to serve as the exclusive representative of all employees on the vote of a majority of employees in a bargaining unit. This is termed “exclusive representation.” See 29 U.S.C. § 159(a). The benefit of “exclusive representation” to unions and the people they represent is that federal law compels employers to “bargain” with that union. See 29 U.S.C. § 158(a)(5). But the federal Act also requires that when a majority of employees in a “bargaining unit” have elected a union to bargain for them (and the union thus gains the benefit of exclusive representation) that union must represent (and bear the cost of representing) all employees, not just the majority. See 29 U.S.C. § 159(a). This is commonly referred to as a union’s duty of “fair representation.” But the parties here vigorously dispute whether it is legally possible for a union to operate as something other than an exclusive representation union, and thus avoid the duty of fair representation and its concomitant costs. See Br. of Appellants at 24-28; Br. of Appellees at 32-35. Here, the Union has not attempted to demonstrate that the Right to Work Law operates in such a way as to have actually eliminated or reduced its compensation from dues or “fair share” payments. Nor has the Union shown that upon expiration of a valid union security agreement, it was unable to operate in a manner that would allow the Union to charge all of its members for the services the Union provided them.
In essence there may very well exist a set of facts and circumstances that if properly presented and proven could demonstrate that a union has actually been deprived of compensation for particular services by application of the Right to Work Law. And thus as to that union the statute would be unconstitutional as applied. However, this is not that case.